# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

YVONNE FORTKAMP,

                Plaintiff,          :        Case No. 3:14-cv-458

                                            District Judge Walter Herbert Rice

  -  vs  -                        Magistrate Judge Michael R. Merz

ABN AMRO MORTGAGE GROUP, et al.,

                Defendants.        :

---

# REPORT AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS

---

This case is before the Court on Defendants' Motion to Dismiss the Complaint for failure to state a claim on which relief can be granted (Doc. No. 12).  Because Plaintiff is proceeding *pro se* in this litigation, the Court notified her of her obligation to respond to the Motion not later than March 2, 2105 (Order to Pro Se Plaintiff, Doc. No. 13).   Plaintiff has not filed a memorandum in opposition, although she did file a Motion for Judgment on the Pleadings, indicating Defendant's Motion was an inappropriate response to her Complaint (Doc. No. 18). The Magistrate Judge has filed a separate Report on that Motion (Doc. No. 19).

Defendants bring their Motion under Fed. R. Civ. P. 12(b)(6).

# Generally Applicable Law

"The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc*., 289 F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct.

3

1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we  "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the  assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678; *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead.)

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

> [*Twombly*] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

*Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2nd Cir. 2007). "*Iqbal* thus held that *Twombly's* plausibility standard did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims. Instead, *Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth v. Geauga Park District*, 499 F.3d 538, 542 (6th Cir. 2007).

## Application to this Case

In general, a court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)).  A court may derive the facts from the exhibits attached to the complaint, if the complaint refers to them and they are "central to the claims" in it. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), *citing Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

In ruling on a motion to dismiss, this Court "may consider [only] the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430; *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

All of the documents relied on in the Motion to Dismiss are either attached to the Complaint or are documents which are public records in the Mercer County Common Pleas Court Case No. 14-CIV-050 (the "Mercer County Case").  It is proper for this Court to take judicial notice of the public records of other courts. *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Wyser-Pratte Mgmt. Co. v. Telxon Corp*., 413 F.3d 553, 560 (6th Cir. 2005); *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).

Defendants move for dismissal with prejudice, asserting Fortkamp's claims are barred by the claim preclusion branch of *res judicata* doctrine. They assert that they sued Fortkamp in the Mercer County Case and that all of the claims she makes here arise out of the same underlying transaction and were or could have been raised in that case.

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3rd Cir. 1989). Federal courts are not authorized to recognize exceptions to §1738 to allow a federal forum for federal claims generally, such as the many federal claims Fortkamp makes against the Defendants in the Complaint. *San Remo Hotel, L.P., v. City of San Francisco*, 545 U.S. 323 (2005).

Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), syllabus. (Paragraph two of the syllabus of *Norwood v. MacDonald,* 142 Ohio St. 299 (1943), overruled; paragraph two of the syllabus of *Whitehead v. Gen. Tel. Co*., 20 Ohio St. 2d 108 (1969), overruled to the extent inconsistent herewith; paragraph one of the syllabus of *Norwood, supra*, and paragraph one of the syllabus of

*Whitehead, supra,* modified; 1 Restatement of the Law 2d, Judgments (1982), §§ 24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava,* 73 Ohio St. 3d 379:

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction;(2) a second action involving the same parties or their privies, as the first;(3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), *quoting In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

Defendants have proven that there is a valid final judgment in the Mercer County Case which was not appealed.  They have shown that all claims made in the Complaint were or could have been made in that case.  It is therefore respectfully recommended that this case be dismissed with prejudice as barred by *res judicata.*  Because *res judicata*  doctrine fully disposes of this case, there is no need to analyze the balance of Defendants' arguments.


March 11, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).